THE HERGET NATIONAL BANK OF PEKIN, Trustee, Plaintiff-Appellant, v. GLADYS WAIBEL LAMPITT *et al.*, Defendants-Appellees.

Third District   No. 3—84—0513

Opinion filed May 17, 1985.

J. R. Bagley and Louis E. Miller, both of Frings, Bagley, Atherton & Clark, of Pekin, for appellant.

Jordan A. Fifield and Raymond C. Williams, both of Goldsworthy & Fifield, of Peoria, for appellees.

JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment in favor of the beneficiaries of the trust of Edwin Lampitt, defendants, and against the trustee, the Herget National Bank of Pekin (Herget Bank), plaintiff. Herget Bank filed this action in the circuit court of Tazewell County to approve an accounting for the duration of the trust's existence. The trust was created by the will of Edwin Lampitt at his death in 1964. The will provided that Herget Bank receive his stock holdings to be held in trust for his wife Gladys if she survived him. At her death or remarriage, the trust was to distribute its corpus to his children or their descendants *per stirpes* if no children were living at the time of Gladys' death. At the time this suit was filed Gladys was alive, both children were deceased and each child had two sons living, three of whom are the defendants. After a bench trial in June 1984, the circuit court refused to approve the accounting, ordered that Herget Bank be removed as trustee and surcharged the Herget Bank $170,400. Herget Bank appeals on the grounds that the decision of the trial court was against the manifest weight of the evidence.

■ Herget Bank's first contention is that it could not be surcharged for the sale of the stock of First National Bank and Trust Company of Pekin at less than one-third of the value established by the trustee for approximately five prior years, because the trust instrument required that the trustee retain the First National stock. We need not decide this issue, because Herget Bank acted inconsistently with this position on numerous occasions, including the occasion in which the First National Bank stock was sold in September 1981, which precipitated the surcharge. Between 1970 and 1974 other stock holdings of the trust in several companies also named in the will were sold. Furthermore, the trust provision gave the trustee a general power to do any and all things necessary to conserve and manage the trust estate, including the right to sell any of the trust assets. As previously mentioned, Herget Bank availed itself of this right on several occasions, including the occasion where the First National stock was sold, and cannot now argue that the trust instrument forbid such activities.

■ Herget Bank next contends that the beneficiaries failed to establish that the trustee breached its duty of care to them. However, the evidence shows that Herget Bank attended none of the shareholders meetings at First National, made no effort to have the First Na-

tional stock appraised and made no effort to find out what other trades in the stock were during any period of time between the trust's creation in 1964 and the sale of the stock in 1981. In spite of this fact, the trustee's annual report for 1977 valued the 4,800 shares of First National stock at $50 per share, or $240,000. This value was evidently carried in the trustee's reports at least until 1980, a year before the sale of the stock.

Albert Beitz, one of the beneficiaries, testified that he purchased some 240 shares of First National stock for $50 per share and that he became concerned in late 1976 that the stock might be decreasing in value. At this time Albert had several meetings with the trustee to express his concern. Albert then sold his shares of First National in January 1977 for $50 per share. This was the only evidence presented at trial as to the market value of the First National stock.

The standard of care required of a trustee is set out in section 5 of the Trusts and Trustees Act (Ill. Rev. Stat. 1981, ch. 17, par. 1675). The prudent-man rule, as the standard is called, quite simply states that a trustee "shall exercise the judgment and care under the circumstances then prevailing, which men of prudence, discretion and intelligence exercise in the management of their own affairs." (Ill. Rev. Stat. 1981, ch. 17, par. 1675.) The evidence adduced at trial made a sufficient showing of a breach of the prudent-man rule. The failure to attend meetings, the carelessness in following the market in First National stock, albeit the stock of a thinly traded corporation, and the failure to investigate Albert Beitz' concerns or seek court approval of its decision to retain the stock in light of a possible conflict in the desires of various beneficiaries establishes a breach of the duty of care required of a fiduciary.

The trial court correctly assessed the trustee for the devaluation in the trust holdings based upon Herget Bank's own valuation of the First National stock and the amount the trust received for the sale of that stock in 1981.

For the foregoing reasons we affirm the decision of the circuit court of Tazewell County.

Affirmed.

SCOTT and BARRY, JJ., concur.