THE HERGET NATIONAL BANK OF PEKIN, as Trustee, Plaintiff, v. GLADYS WAIBEL LAMPITT, Defendant-Appellee (Arthur F. Lampitt *et al.*, Defendants; Daniel I. Lampitt, Defendant-Appellant).

Third District   No. 3—86—0008

Opinion filed October 28, 1986.

Daniel I. Lampitt, of Morton, for appellant, *pro se.*

Louis E. Miller, of Frings, Bagley, Atherton & Clark, of Pekin, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment in favor of the income beneficiary of the trust of Edwin Lampitt, defendant-appellee Gladys Waibel Lampitt, and against the remaindermen of the trust. The trustee, Herget Bank, initially filed this action in the circuit court of Tazewell County to approve an accounting for the duration of the trust's existence. Following a bench trial, the trial court refused to approve the accounting, ordered Herget Bank be removed as trustee and surcharged the bank $170,400. Herget Bank appealed the judgment, and this court affirmed the trial court's decision. (See *Herget National Bank of Pekin v. Lampitt* (1985), 133 Ill. App. 3d 418, 478 N.E.2d 904.)

Following this appeal, the judgment was paid together with judgment interest in the sum of $19,730.22. At a hearing on December 2, 1985, the trial court, *inter alia*, indicated its belief that the judgment interest should be distributed to the income beneficiary. The remaindermen objected and argued the judgment interest should be considered as principal to be added to the trust corpus. Subsequently, at the final hearing on December 12, 1985, the court, *inter alia*, ordered the judgment interest be distributed to the income beneficiary. From this decision, the instant appeal was filed by one of the remaindermen, defendant-appellant Daniel Lampitt.

The only issue we need decide on appeal is whether interest earned and paid on a judgment is income to be distributed to the income beneficiary or principal to be added to the trust corpus.

Section 4 of the Principal and Interest Act provides in pertinent part:

"Sec. 4. Income and Principal Defined.

(a) Income is the return in money or property derived from the use of principal, including return received as:

\* \* \*

(2) interest \* \* \*.

\* \* \*

(b) Principal is the property which has been set aside by the owner or the person legally empowered so that it is held in trust eventually to be delivered to a remainderman, while the income is in the meantime taken or received by or held for accumulation for an income beneficiary." (Ill. Rev. Stat. 1985, ch. 30, par. 504.)

Section 4(b) also lists certain items included as principal.

Section 5 of the Act provides in pertinent part:

"Sec. 5. When Right to Income Arises.

(a) An income beneficiary is entitled to income from the date or event specified in the instrument, or if none is specified, from the date an asset becomes subject to the trust. \*\*\* Ill. Rev. Stat. 1985, ch. 30, par. 505.

In our opinion, the $170,400 judgment against Herget Bank became, subject to appellate review, principal to be added to the trust corpus. The interest earned on the judgment, therefore, constitutes income pursuant to section 4 of the Principal and Interest Act payable to the income beneficiary under section 5. (Ill. Rev. Stat. 1985, ch. 30, pars. 504, 505.) We find no merit in the remainderman's contention that the interest was actually principal under sections 4(b)(1), 4(b)(8) and 4(b)(10) (Ill. Rev. Stat. 1985, ch. 30, pars. 504(b)(1), 504(b)(8), 504(b)(10)). The Act clearly defines interest as income and not principal. If the legislature had intended interest on judgments to be principal, it would have so defined it.

Perhaps the most strenuous argument advanced by the remainderman is based on his contention that the income beneficiary made no effort to secure a return of the capital for which the trustee was ultimately found liable. According to the remainderman, the income beneficiary should not benefit from the remainderman's successful efforts. Regardless of these facts, the income beneficiary was still entitled to receive the income from the trust corpus including the judgment interest.

For the foregoing reasons, the judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

SCOTT, P.J., and BARRY, J., concur.